# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
November 15, 2011 Session

## LARAIEL WINTON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
**No. 78126      Bob R. McGee, Judge**

---

**No. E2011-00762-CCA-R3-PC - Filed January 31, 2012**

---

The petitioner, Laraiel Winton, aggrieved by his Knox County Criminal Court jury convictions of especially aggravated kidnapping and attempted aggravated robbery, filed a petition for post-conviction relief alleging ineffective assistance of counsel and prosecutorial misconduct. Following the appointment of counsel and an evidentiary hearing, the post-conviction court denied relief. In this appeal, the petitioner contends that successor counsel committed ineffective assistance, that the State committed prosecutorial misconduct during argument, and that trial counsel committed ineffective assistance in several instances not previously raised on direct appeal. Determining that the allegations concerning trial counsel's performance were previously determined, that the prosecutorial misconduct claim is waived, and that the petitioner failed to establish prejudice concerning successor counsel's ineffective assistance, we affirm the judgment of the post-conviction court.

## Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which D. KELLY THOMAS, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Stephen Ross Johnson and Brian J. Wanamaker, Knoxville, Tennessee, for the appellant, Laraiel Winton.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Leon Franks, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

A Knox County grand jury charged the petitioner and his co-defendant, Carlos Montes Waters, with four counts of aggravated robbery and five counts of especially

aggravated kidnapping. Mr. Waters was also charged with two counts of attempted first degree murder. Following a joint trial, the jury convicted the petitioner and the co-defendant of the especially aggravated kidnapping and attempted aggravated robbery of one victim, Mark St. Cloud. The jury acquitted the petitioner and the co-defendant of all other charges. The trial court sentenced the petitioner to an effective sentence of 25 years' incarceration.

The petitioner's convictions arose from these facts succinctly stated by this court on direct appeal:

> In the early morning hours of October 21, 1996, Hubert Ewing entertained guests at his girlfriend's apartment in Knoxville. The guests were Ken Almon, Aconio "Qualo" McFerson, and Mark St. Cloud. Ewing's girlfriend, Tanesha Fitzgerald, was asleep in a back bedroom. Ewing responded to a knock on the door by looking through the peephole. He saw the defendants, Carlos Montes Waters (Hi-C) and Laraiel J. Winton, knew them both, and opened the door. The defendants entered wearing masks or hose for concealment, and each carried a weapon. Waters had a small handgun, and Winton had a sawed-off .22 rifle.
>
> The defendants ordered Ewing and his three guests down on the floor and demanded their jewelry and money. St. Cloud, seeking a change of surroundings, suggested there was money at his house. The defendants then ordered the four victims outside, still at gunpoint. All six of the party got into St. Cloud's Cadillac, and he drove them to his house. All disembarked there. St. Cloud's barking Rottweiler greeted the group. St. Cloud seized the opportunity to run, and Waters fired two or three shots. The other victims bolted and ran, and a general clamor arose in the neighborhood. During this period of confusion, the defendants scattered and left the vicinity of St. Cloud's home.
>
> The police responded promptly, and the victims furnished the names of the defendants. After the defendants' arrest, Winton admitted to being a participant but claimed that the entire episode was a conspiracy against St. Cloud, the only intended victim of the robbery and the only victim not previously aware of the plan. According to Winton's testimony,

St. Cloud was a large scale drug dealer who was believed to
have in his possession a large quantity of cocaine, the actual
objective of the robbery.

*State v. Carlos Montes Waters and Laraiel J. Winton*, No. E2001-00882-CCA-R3-CD, slip
op. at 2 (Tenn. Crim. App., Knoxville, Mar. 6, 2003), *perm. app. denied* (Tenn. July 21,
2003).

Following the jury verdict and sentencing, trial counsel withdrew from
representation, and the trial court appointed successor counsel to represent the petitioner
through the motion for new trial and appeal. In their joint direct appeal, the petitioner and
his co-defendant claimed that the evidence was insufficient to support their convictions of
especially aggravated kidnapping, that the kidnapping statute was unconstitutional, that they
were denied their right to a speedy trial, that their sentences were excessive, and, significant
to our analysis in the present case, that their trial counsel committed ineffective assistance.
*Carlos Montes Waters and Laraiel J. Winton*, slip op. at 1. Relative to the petitioner's
ineffective assistance of counsel claim on direct appeal, the petitioner's "primary complaint
[was] the attorneys' failure to convey to the trial court on the day of trial that [the petitioner]
had 'accepted' a plea offer. . . . [and that] there was no independent investigation made" by
a hired investigator.[1] *Id.* This court affirmed the petitioner's convictions on direct appeal
and, in doing so, concluded that the petitioner failed to establish "deficient performance on
the part of trial counsel." *Id.* It is with this procedural backdrop in mind that we now
examine the petitioner's claims in the present case.

On September 10, 2003, the pro se petitioner filed a timely petition for post-
conviction relief. We note at the outset, lest there is any further confusion regarding the
characterization of this action, that this post-conviction action is the first and only post-
conviction attack on the petitioner's convictions in this case. The petitioner's raising a claim
of ineffective assistance of counsel in his motion for new trial and on direct appeal did not,
per se, preclude the filing of a post-conviction petition via Tennessee Code Annotated § 40-
30-101.

The petitioner's September 10, 2003 post-conviction petition alleged additional
claims of trial counsel's ineffective assistance not previously raised on direct appeal. On that
same day, the pro se petitioner filed a supplement to the petition alleging that successor

_____

[1] Successor counsel, who was ultimately the petitioner's counsel on direct appeal, presented some
evidence at the motion for new trial hearing concerning the ineffective assistance of counsel claims. Because
successor counsel entered the case after the verdict and before proceeding on the motion for new trial, we
refer to him as "successor" counsel and to his predecessor as "trial counsel."

counsel committed ineffective assistance of counsel by failing to present specific allegations against trial counsel as part of his claim of ineffective assistance in the motion for new trial and on direct appeal. The post-conviction court dismissed the petition without a hearing on July 15, 2004, ruling that the claim of ineffective assistance of counsel had been previously determined on direct appeal and stated, "[T]hat's the end of it."

On appeal from the post-conviction court's summary dismissal, the State moved for a remand of the case for the consideration of the issue of the ineffective assistance of successor counsel. This court granted the State's motion and ordered the case remanded for an evidentiary hearing on the issue of successor counsel's representation. *State v. Laraiel Winton*, E2004-01786-CCA-R3-PC (Tenn. Crim. App., Knoxville, June 15, 2005) (Order). This court's order directed that because "the petitioner has had no previous opportunity to raise the issue of ineffective assistance of [successor] counsel, he is entitled to a consideration of the merits of this claim." *Id.*

On May 18 and 24, 2006, the post-conviction court held evidentiary hearings and denied relief via written order on October 6, 2006. On appeal of the October 6 post-conviction order denying relief, the pro se petitioner argued that the post-conviction court erroneously denied relief and that it failed to make sufficient findings. This court agreed and reversed and remanded the case for further evidentiary hearings. *Laraiel Winton v. State*, No. E2006-02392-CCA-R3-PC (Tenn. Crim. App., Knoxville, Aug. 29, 2007). Additionally, this court expressed "serious concerns regarding the conduct at the evidentiary hearing" and concluded that "the [post-conviction] court operated under some misapprehension of the law" leading to the "erroneous[] belie[f] that the petitioner was foreclosed from presenting proof related to the deficient performance of [successor] counsel." *Laraiel Winton*, slip op. at 3-4. This court further concluded that the post-conviction court's error resulted in "the improper limitation of proof concerning the allegations of the petition" in violation of the petitioner's right to a full and fair hearing. *Id.*, slip op. at 4. Accordingly, we remanded the case and directed the post-conviction court "to afford the petitioner a full evidentiary hearing regarding all claims of ineffective assistance of [successor] counsel." *Id.* In so doing, this court noted that "the petitioner must be allowed to present evidence relevant to the effectiveness of his trial counsel" in order have any opportunity of "establish[ing] that [successor] counsel's failures affected the ultimate outcome of the appeal." *Id.* Thus, on remand, evidence of trial counsel's alleged ineffectiveness was necessary to establish prejudice from successor counsel's failure to raise specific allegations of trial counsel's ineffectiveness.

After the second remand in 2007, the petitioner filed a second amendment to the pro se petition adding an allegation of successor counsel's ineffective assistance relative to the trial court's imposition of sentence, citing to *Apprendi v. New Jersey*, 530 U.S. 466

-4-

(2000). On November 27, 2007, the trial court appointed post-conviction counsel, who filed an amended petition for post-conviction relief on March 30, 2010. The counsel-filed amendment incorporated by reference the pro se pleadings and added the additional claims that successor counsel performed ineffectively by failing to raise trial counsel's failure to pursue a severance of defendants for trial and trial counsel's failure to pursue cross-examination of the co-defendant after the trial court removed him from the witness stand. *See Michael O. Brown v. State*, No. M2001-00917-CCA-MR3-CD, slip op. at 7 (Tenn. Crim. App., Nashville, Aug. 8, 2002) (noting that "[t]he Post-Conviction Procedures Act contemplates the filing of only one petition . . . . [and] appointed counsel may well file additional allegations without changing the original allegations"), *perm. app. denied* (Tenn. Dec. 2, 2002). On May 12, 2010, the petitioner filed a pro se amendment to the petition that was stricken by the post-conviction court in light of the petitioner's representation by counsel.

Following several hearings, the post-conviction court denied relief on March 24, 2011. The post-conviction court found that the petitioner failed to present clear and convincing proof of successor counsel's ineffective assistance because (1) he failed to establish prejudice concerning the severance issue and (2) trial counsel did not perform deficiently by failing to pursue cross-examination of the unresponsive co-defendant at trial. The court also ruled that the petitioner's *Apprendi* claim did not merit relief. The post-conviction court made no findings relative the claims raised in the pro se pleadings filed prior to the appointment of counsel.

The petitioner filed a timely notice of appeal to this court. On appeal, he contends that the post-conviction court erroneously denied relief based upon the ineffective assistance of successor counsel evidenced by successor counsel's failing to present on direct appeal the claim of trial counsel's deficient performance regarding severance and *Apprendi* error. Additionally, the petitioner alleges that he is entitled to post-conviction relief based upon the allegations raised in his pro se pleadings. He further argues that the cumulative effect of these errors entitle him to post-conviction relief. The State argues that the petitioner failed to establish entitlement to post-conviction relief.

The post-conviction petitioner bears the burden of proving his allegations by clear and convincing evidence. *See* T.C.A. § 40-30-110(f) (2006). On appeal, the appellate court accords to the post-conviction court's findings of fact the weight of a jury verdict, and these findings are conclusive on appeal unless the evidence preponderates against them. *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997); *Bates v. State*, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997). By contrast, the post-conviction court's conclusions of law receive no deference or presumption of correctness on appeal. *Fields v. State*, 40 S.W.3d 450, 453 (Tenn. 2001).

To establish entitlement to post-conviction relief via a claim of ineffective assistance of counsel, the post-conviction petitioner must affirmatively establish first that "the advice given, or the services rendered by the attorney, are [not] within the range of competence demanded of attorneys in criminal cases," *see Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975), and second that his counsel's deficient performance "actually had an adverse effect on the defense," *Strickland v. Washington*, 466 U.S. 668, 693 (1984). In other words, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Should the petitioner fail to establish either deficient performance or prejudice, he is not entitled to relief. *Id.* at 697; *Goad v. State*, 938 S.W.2d 363, 370 (Tenn.1996). Indeed, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697.

When reviewing a claim of ineffective assistance of counsel, we will not grant the petitioner the benefit of hindsight, second-guess a reasonably based trial strategy, or provide relief on the basis of a sound, but unsuccessful, tactical decision made during the course of the proceedings. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Claims of ineffective assistance of counsel are mixed questions of law and fact. *State v. Honeycutt*, 54 S.W.3d 762, 766-67 (Tenn. 2001); *State v. Burns*, 6, S.W.3d 453, 461 (Tenn. 1999). When reviewing the application of law to the post-conviction court's factual findings, our review is de novo, and the post-conviction court's conclusions of law are given no presumption of correctness. *Fields*, 40 S.W.3d at 457-58; *see also State v. England*, 19 S.W.3d 762, 766 (Tenn. 2000).

*Successor Counsel's Failure to Allege Trial Counsel's Failure to Raise Severance*
*as an Allegation of Ineffective Assistance of Counsel*
*at Motion for New Trial and On Direct Appeal*

The petitioner argues that he is entitled to post-conviction relief based upon the ineffective assistance of successor counsel, claiming that successor counsel performed deficiently by failing to include in his motion for new trial or on appeal a claim that trial counsel performed deficiently by failing to seek and obtain a severance of his trial from his co-defendant. He contends that a severance was necessary to a fair determination of guilt because the joint trial admitted evidence that was inadmissible against the petitioner, that joinder forced the defendant to trial with "an antagonistic co-defendant," and that the co-defendant's "antics poisoned the trial." The State contends that the petitioner failed to

-6-

establish this claim by clear and convincing evidence. Following our review, we agree with the State.

Subsequent to the second remand of this post-conviction case, the post-conviction court held two "evidentiary" hearings. On May 20, 2010, the first hearing, the petitioner submitted copies of transcripts of the trial record, the direct appeal record, and the post-conviction record as exhibits for the post-conviction court's consideration. Transcripts of the May 2006 evidentiary hearings, which were the subject of this court's previous ruling that the post-conviction court had erroneously restricted the presentation of proof resulting in a denial of a full and fair hearing, were included in the items exhibited to the May 2010 hearing. At a second hearing on January 5, 2011, the petitioner relied upon the items exhibited in the May 2010 hearing and stated that "the [post-conviction court] now has before it what the Court of Criminal Appeals wanted [it] to have before it in considering these issues." The petitioner presented no additional testimony from either trial or successor counsel in support of his allegations for relief. Following the arguments of counsel, the post-conviction court ruled that the petitioner failed to establish ineffective assistance of trial counsel and hence, ineffective assistance of successor counsel relative to the severance issue.

We note that the petitioner presented no additional evidence at the January 2011 hearing and instead chose to rely upon the prior hearings held in this case, despite this court's ruling that these hearings failed to provide the petitioner a full and fair hearing. The 2006 evidentiary hearings contained absolutely no testimony from trial counsel, successor counsel, or the petitioner regarding the severance issue. Consequently, no testimony addresses trial counsel's knowledge of the severance issue and his strategic decisions, if any, concerning severance. The petitioner was obliged to present evidence to establish his claim of successor counsel's ineffective assistance. *See Gdongalay P. Berry v. State*, No. M2010-01136-CCA-R3-PD, slip op. at 6 (Tenn. Crim. App., Nashville, Nov. 4, 2011) (ruling that "[t]he petitioner's failure to present any proof at the evidentiary hearing . . . necessarily means that the petitioner failed to prove any of these grounds by clear and convincing evidence"). In our view, by relying solely upon the previous hearings, which this court had already deemed inadequate, the petitioner failed to present evidence to establish his claim regarding severance and, in turn, to establish two "layers" of ineffective assistance.

That being said, we also determine that, even had some proof regarding severance been presented, the petitioner cannot establish prejudice. Before trial, the petitioner confessed his complicity in the offenses committed against Mr. St. Cloud. He testified at trial that the other alleged victims were aware of the plan to rob Mr. St. Cloud. As reflected by the jury's acquitting the petitioner of all charges unrelated to Mr. St. Cloud, it appears that the jury accredited much of the petitioner's testimony. The outcome of the trial belies the petitioner's claim that his co-defendant's "antics" somehow prejudiced him

at trial. Accordingly, we conclude that the petitioner failed to establish that he was prejudiced by successor counsel's failure to raise the ineffective assistance of trial counsel relative to the severance issue.

*Successor Counsel's Failure to Raise Apprendi Claim*

The petitioner also alleges that successor counsel committed ineffective assistance of counsel by failing to challenge his sentence via *Apprendi.* The State acknowledges that *Apprendi* was decided while the petitioner's motion for new trial was pending and, therefore, could have been raised in the motion for new trial or on direct appeal. The State, however, argues that the failure to raise an *Apprendi* claim is not ipso facto deficient performance and that the petitioner failed to present any proof to establish either deficient performance or prejudice.

Once again, our analysis of this issue is restricted by the petitioner's failure to present any testimony concerning successor counsel's knowledge, preparation, or decision-making concerning this issue. *See also Johnny Lee Lewis v. State*, No. M2009-01471-CCA-R3-PC, slip op. at 13 (Tenn. Crim. App., Nashville, Nov. 12, 2010) (noting, in an ineffectiveness of trial counsel allegation, that "the [p]etitioner presented no evidence regarding trial counsel's alleged deficiency during the post-conviction hearing, nor was [t]rial [c]ounsel asked to explain his understanding of *Apprendi* at the time of the [p]etitioner's sentencing"). Thus, once again, the petitioner has failed to present proof concerning the allegation.

Furthermore, although we note that successor counsel clearly could have raised the *Apprendi* issue on direct appeal, the application of *Apprendi* to Tennessee's sentencing scheme was not resolved until the release of our supreme court's opinion in *State v. Gomez*, 239 S.W.3d 733 (Tenn. 2007) (*Gomez II*) (holding that provisions of the pre-2005 Tennessee sentencing law violated Gomez' right to trial by jury and overruled the position the court had taken in *Gomez I* that the application of the pre-2005 law did not equate to plain error).

After the petitioner's direct appeal, on June 24, 2004, in *Blakely v. Washington*, 542 U.S. 296 (2004), the United States Supreme Court again signaled that some judge-sentencing regimes conflicted with criminal defendants' rights to have juries participate in certain sentencing determinations. *Blakely* held that "'[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" *Id.* at 301 (quoting *Apprendi v. New Jersey*, 530 U.S. 466 (2000)). The "statutory maximum" to which a trial court may sentence a defendant is not the maximum sentence after application of appropriate enhancement factors, other than the fact of a prior conviction, but the "maximum

sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Id.* at 303. Under *Blakely,* the "statutory maximum" sentence that may be imposed is the presumptive sentence applicable to his or her offense. *See id.* The presumptive sentence may be exceeded without the participation of a jury only when the defendant has a prior conviction and/or when an otherwise applicable enhancement factor was reflected in the jury's verdict or was admitted by the defendant. Nevertheless, our supreme court continued to hold that our sentencing code did not violate a defendant's Sixth Amendment rights. *See State v. Gomez*, 163 S.W.3d 632 (Tenn. 2005) (*Gomez I*).

On January 22, 2007, the United States Supreme Court released its decision in *Cunningham v. California*, 549 U.S. 270 (2007), holding that California's sentencing scheme did not survive Sixth Amendment scrutiny under *Blakely*. On the heels of *Cunningham*, on February 20, 2007, the United States Supreme Court vacated *Gomez I* and remanded that case for reconsideration in light of *Cunningham*, *see Gomez v. Tennessee*, 549 U.S. 1190 (2007). In *Gomez II*, the supreme court held that provisions of the pre-2005 Tennessee sentencing law violated Gomez' right to trial by jury and overruled the position the court had taken in *Gomez I* that the application of the pre-2005 law did not equate to plain error.

Until *Gomez II*, our courts had consistently ruled that our sentencing act did not violate a defendant's Sixth Amendment rights. Indeed, in *Graham v. State*, 90 S.W.3d 687, 688-89 (Tenn. 2002), decided prior to the defendant's direct appeal, our supreme court examined whether a judge-enhanced sentence violated *Apprendi* and held that because Graham "received a sentence *within* the statutory maximum for each crime[,] . . . the trial court was well within its constitutional and statutory authority to consider enhancing factors for the purpose of sentencing without the assistance of the jury." *Id.* at 692 (emphasis in original). Therefore, it is apparent that even had successor counsel raised the *Apprendi* claim on direct appeal, the issue would have not availed the petitioner any relief at the time of his direct appeal in 2003. As noted by this court in *Johnny Lee Lewis*, "[g]iven that, before *Blakely* and *Cunningham,* the Tennessee Supreme Court interpreted *Apprendi* in such a way that preclude[d] a finding that the [p]etitioner's trial counsel was deficient in failing to raise the issue, we conclude that the [p]etitioner is not entitled to relief on this issue." *Johnny Lee Lewis*, slip op. at 14. Accordingly, the petitioner cannot establish that he is entitled to relief based upon successor counsel's failure to raise an *Apprendi* claim in the motion for new trial or on direct appeal.[2]

---

[2] We also note that any freestanding *Blakely* claim would not garner any relief in either post-conviction or habeas corpus proceedings. *See David Earl Palmer v. State*, No. W2005-01421-CCA-R3-PC, slip op. at 9 (Tenn. Crim. App., Jackson, Nov. 3, 2006) (noting that "*Blakely* did not announce a new rule and . . . even if *Blakely* had announced a new rule, relief [can] be granted only in 'pipeline' cases").

(continued...)

*Pro Se Pleadings*

The petitioner's pro se pleadings alleged that trial counsel was ineffective for failing to seek suppression of the defendant's statement to the police, failing to conduct an adequate pretrial investigation, failing to prepare adequately for the presentation of a defense witness, and advising the petitioner to testify in the absence of adequate preparation. The pro se pleadings also alleged prosecutorial misconduct relative to the State's alleged vouching for witnesses during argument and that successor counsel was ineffective for failing to provide a transcript of the jury instructions on direct appeal in support of the petitioner's attack on the constitutionality of the kidnapping statutes.

This court has observed that "raising the issue [of ineffective assistance of counsel] in the direct appeal could result not only in losing on appeal, but also in barring the claimant from raising the issue later in the post-conviction arena." *State v. Kristie M. Smith*, No. E2010-00549-CCA-R3-CD, slip op. at 16 (Tenn. Crim. App., Knoxville, Nov. 14, 2011) (citing T.C.A. §§ 40-30-106(f), (h)). "A post-conviction claim will be dismissed where that claim has previously been determined by another court." *Id.* (citing T.C.A. § 40-30-106(f)). "A ground for relief is previously determined if a court of competent jurisdiction has ruled on the merits after a full and fair hearing." T.C.A. § 40-30-106(h). "A full and fair hearing has occurred where the petitioner is afforded the opportunity to call witnesses and otherwise present evidence, regardless of whether the petitioner actually introduced any evidence." *Id.* § 40-30-106(h). For this reason, ineffective assistance of counsel claims should normally be raised by a petition for post-conviction relief inasmuch as a petition based on ineffective assistance of counsel is a single ground for relief, and all factual allegations must be presented in one claim. *See id.* § 40-30-206(d).

Turning to the allegations contained in the pro se pleadings, we conclude that the claim of ineffective assistance of trial counsel was previously determined in the motion for new trial proceeding and on direct appeal "even though the petitioner may not have made the same allegations on direct appeal that he now makes in his post-conviction petition." *See Nelson Troglin v. State*, No. E2010-01838-CCA-R3-PC, slip op. at 20-21 (Tenn. Crim. App., Knoxville, Oct.11, 2011) (citing *Ronald Yates v. State*, No. W2008-02067-CCA-R3-PC (Tenn. Crim. App., Jackson, Dec. 3, 2009); *Jay Homer Chambers v. State*, No. E2004-01862-CCA-R3-PC (Tenn. Crim. App., Knoxville, Sept. 26, 2005); *John Earl Scales v. State*, No. M2003-01753-CCA-R3-PC (Tenn. Crim. App., Nashville, July 13, 2004), *perm. app. denied* (Tenn. Nov. 8, 2004); *Russell Lane Overby v. State*, No. W2001-01247-CCA-R3-PC (Tenn.

---

[2](...continued)

Crim. App., Jackson, Apr. 26, 2002), *perm. app. denied* (Tenn. 2002)). As such, the claims based upon the actions or omissions of trial counsel cannot be litigated at this juncture. Additionally, the petitioner failed to present any evidence regarding his specific claims, and the post-conviction court did not make any findings concerning them. Accordingly, we conclude that the petitioner failed to establish entitlement to post-conviction relief.

Likewise, the petitioner's allegation of prosecutorial misconduct is waived for failure to present it on direct appeal. "In order to raise a claim of prosecutorial misconduct, the issue must have been raised in the trial court. Absent contemporaneous objection, the issue is waived." *State v. Robert Douglas Treadway*, No. W1999-01152-CCA-R3-CD, slip op. at 6 (Tenn. Crim. App., Jackson, Dec. 1, 2000) (citing *State v. Sutton*, 562 S.W.2d 820, 825 (Tenn. 1972); *State v. Farmer*, 927 S.W.2d 582, 591 (Tenn. Crim. App. 1996)). The petitioner could have raised the prosecutorial misconduct issue on direct appeal. A ground for post-conviction relief is waived "if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented." T.C.A. § 40-30-106(g).

In his pro se pleadings, the petitioner also alleged that successor counsel rendered ineffective assistance by failing to include a transcript of the jury instructions in the record on appeal. At the May 2006 evidentiary hearing, successor counsel testified that he reviewed the jury instructions and deemed them to be proper. He also testified that he made a "tactical decision" not to challenge the jury instructions based upon his conclusion. Inasmuch as the instructions related to the constitutional challenge to the kidnapping statute raised on direct appeal, the petitioner cannot establish prejudice because this court deemed the statutes constitutional on direct appeal. *Carlos Montes Waters and Laraiel J. Winton*, slip op. at 5. Accordingly, the petitioner failed to establish entitlement to relief on this claim.

*Cumulative Error*

Having considered each of the petitioner's allegations for post-conviction relief and concluded that the petitioner is not entitled to relief for any of the allegations, we need not consider the cumulative effect of the alleged errors. *State v. Hester*, 324 S.W.3d 1, 77 (Tenn. 2010) ("To warrant assessment under the cumulative error doctrine, there must have been more than one error committed."). Accordingly, the judgment of the post-conviction court denying relief is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE